JASON M. FRIERSON
United States Attorney
Nevada Bar Number 7709
JESSICA OLIVA
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6268 / Fax: 702.388.6418
jessica.oliva@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00167-JAD-DJA |
| Plaintiff, | Order Granting<br>**Unopposed Motion to Vacate Order to Produce A-File** |
| v. | |
| JACKIE BABY HARRELL, | |
| Defendant. | |

The United States of America, though the undersigned, respectfully moves the Court to vacate its order at ECF No. 13, requiring the Department of Homeland Security, Immigration and Customs Enforcement, to provide a copy of every document contained in the defendant's Alien ("A") file within seven days of the date of that Order, unless the Government files a formal objection or other appropriate motion. ECF No. 13.

On January 11, 2013, the undersigned consulted with defense counsel AFPD Heather Fraley via email, who indicated the defense does not oppose a motion to vacate the Court's order requiring production of the Defendant's A-file. On January 17, 2023, the undersigned consulted with defense counsel AFPD Joy Chen via email, who indicated the defense does not oppose this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

On January 11, 2023, Defendant Jackie Baby Harrell appeared before Judge Nancy J. Koppe for an initial appearance regarding revocation of supervised release. ECF No. 10. At that hearing, Judge Koppe ordered the Department of Homeland Security, Immigration and Customs Enforcement, to produce the complete A-File for Ms. Harrell within seven days. The Court issued a written order memorializing the same and providing the Government six days within which to file a formal objection or other appropriate motion. ECF No. 13.

The Government has since confirmed via Ms. Harrell's Presentence Investigation Report that she is a naturalized U.S. Citizen. Further, none of the allegations in the revocation petition relate to Ms. Harrell's citizenship, nor is the Department of Homeland Security involved in this revocation proceeding. Accordingly, the Defendant's A-file is not discoverable in this proceeding, and the Court should vacate its order requiring its production.

Federal Rule of Criminal Procedure Rule 32.1(b)(2)(B) entitles a defendant in a revocation hearing to "disclosure of the evidence against the person." Rule 26.2 further requires the disclosure of a witness's statement that relates to the subject matter of the witness's testimony within the possession of the party calling the witness, however this obligation is not triggered until after the witness testifies. Fed. R. Crim. P. 26.2(a) and (g)(3); Fed. R. Crim. P. 32.1(e).

Here, the Court should vacate its order because Defendant's A-file is not discoverable. First, the allegations in the petition (ECF No. 7) are in no way connected to the Defendant's naturalization or citizenship: The Defendant is accused of testing positive for methamphetamine; failing to report for drug testing; attempting to obstruct or tamper

with testing methods; failing to provide proof of employment to Probation upon request; failing to report as instructed by her probation officer; failing to submit monthly written reports as instructed by her probation officer; and failing to attend substance abuse treatment. ECF No. 7. The Defendant was already a citizen when she was previously sentenced for the underlying offense in this case,[1] and the Government does not intend to use any documents in the Defendant's A-file as evidence against the Defendant in her revocation hearing, as the A-file is not in the government's possession and such documents would not appear relevant to any of the allegations in the petition.

      Moreover, the Defendant is being supervised by the U.S. Probation Office for the District of Nevada, and these allegations were investigated and are being brought by the U.S. Probation Office. The custodian of A files, the Department of Homeland Security, Immigration and Customs Enforcement, has no involvement in investigating these allegations. There is thus no discovery obligation on the part of the Department of Homeland Security, nor is the A-file in the possession, custody, or control of the U.S. Attorney's Office for the District of Nevada or the U.S. Probation Office.

      Finally, the Government does not anticipate calling any witnesses from the Department of Homeland Security to testify at the revocation hearing regarding any subject matter potentially contained in the Defendant's A-file. Accordingly, the Government does not anticipate that any statements contained within the A-file could become disclosable under Rule 26.2. Should this change, the Government will meet its disclosure obligations under Rule 26.2.

---

[1] According to her Presentence Investigation Report ("PSR"), the Defendant was already a naturalized U.S. Citizen when the PSR was issued. PSR at 2 and 9.

Accordingly, the Government moves the Court to vacate its order requiring production of the Defendant's A-file at ECF No. 13, as such files are not discoverable under Rule 32.1; the Department of Homeland Security, Immigration and Customs Enforcement is not an investigating agency in this revocation proceeding; and the Defendant is and has been a naturalized U.S. Citizen since at least her sentencing in this case.

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

/s/ Jessica Oliva
JESSICA OLIVA
Assistant United States Attorney

IT IS SO ORDERED.

_____
HON. NANCY J. KOPPE
U.S. MAGISTRATE JUDGE

DATED: January 18, 2023